argument of the morning. It's appeal number 21-2950, the United States v. Worthen. Mr. Osavio, good morning, whenever you're ready. Good morning, Your Honors, and may it please the Court. My name is Tristan Chase Osavio, and I'm counsel on behalf of the appellant, Dejuan A. Worthen. Your Honors, the District Court committed reversible error in deciding that Mr. Worthen committed a crime of violence. Without a doubt, Mr. Worthen did nothing more than aid and abet his brother's violent felony. Under the modified categorical approach, it is clear that Mr. Worthen was only convicted of aiding and abetting and not convicted of being the principal. And so the only question is whether aiding and abetting a Hobbs Act robbery amounts to a crime of violence under 924C. Under the Supreme Court's recent opinion in United States v. Taylor, it is not. Taylor held that because the substantial step element, an attempt, can be done in ways that are nonviolent, attempt did not count as a crime of violence. Its holding applies equal force to our case. Here, under aiding and abetting, taking an affirmative action in furtherance of the offense is the exact same element as the substantial step element, an attempt, because it does not require the use, attempted use, or threatened use of force. Mr. Sabio, I have a question for you about whether or not you've waived this argument. Your client pled guilty, and it was a conditional plea allowing your client to appeal the court's ruling on the motion to dismiss Count 3. And I've read the motion to dismiss Count 3 and the court's ruling. The motion addresses whether or not Hobbs Act itself can qualify as a crime of violence. It doesn't address this aiding and abetting argument. So how have you preserved that argument for appeal, especially, and I know I'm throwing a lot at you here, but especially in light of the posture that we're in, that this was a plea agreement under the rules of procedure and clear law of the circuit in the Supreme Court. You waive your right to challenge your convictions if you plead guilty. There's an express waiver in the plea agreement other than with respect to what was presented to the district court or the district court ruled on, and this was neither. So how have you preserved this issue for appeal? Just saying, Eve. So it's our position that the proper standard of review is de novo. So Mr. Worthen made a motion that Hobbs Act robbery is not a crime of violence, as you pointed out, and talked about how the most innocent conduct penalized by a Hobbs Act robbery is not a crime of violence. So he moved to dismiss based on the argument that Hobbs Act robbery is not a crime of violence. Agreed, and that's what the court ruled on? Yes. Where in the motion did he raise the aiding and abetting argument? Yes. And so we're arguing that he argued pretty much a version of that argument that the least culpable way, the most innocent conduct, prohibited under the Hobbs Act statute was not a crime of violence. How could the court, the district court, determine that you were trying to raise an aiding and abetting argument similar to and analogize it to what the court did in Taylor? I just don't see that in the motion at all. Certainly I think that it could have been more clearly articulated below to preserve that specific argument, but at this stage we are arguing that he is arguing a version of that. What about your unconstitutionally vague argument? Do you agree that that's nowhere at all in the motion? That is also a version of the argument that we're arguing. We're arguing that, you know. That seems like even more of a stretch. Yeah, you're right. That's probably correct, Your Honor, but with respect. Take the premise that it's not in the motion and not in the court's ruling. Given that your client pled guilty and the waiver in the plea agreement and the waiver under the rules, why haven't you waived it? Well, like I said, Mr. Worthen is arguing a version of that crime, and while it could have been preserved more explicitly below, he's making a version of that crime. It's a nuanced argument with respect to that. But even if the de novo standard review does not apply, we still could prevail on plein air standard review for three reasons. But that's only if there's a forfeiture, and maybe the argument is the government didn't raise waiver, and so therefore they've waived it. But if it's waived rather than forfeited, there's no plein air review. Sure, Your Honor. But we think that it was preserved at the plein air standard review. We think that we do have preservation grounds on the plein air standard review for three reasons. First, Mr. Worthen has established an error because he did not commit a crime of violence when he aided and abetted his brother's Hobbs Act robbery, yet he was convicted of a crime that requires a defendant to have committed a crime of violence. And second, Worthen is able to show that the error was clear and obvious. Say, for example, the government got him to plead guilty to aiding and abetting a Hobbs Act robbery at the trial level. Assuming they're successful, that crime certainly carries with it a substantially lower maximum term of imprisonment than the 924J statute would, and the sentence would be totally different as a result of this. And third, Worthen is able to show that the error affected his substantial rights to freedom. I understand the argument based upon Taylor. I mean, I get it. I follow it just fine. I don't know how that can be aligned, though, with what the court said in Duenas-Alvarez. And there's no indication at all to me that the Supreme Court and Taylor overruled Duenas-Alvarez. In fact, it discusses it, and it discusses it favorably. And we also know the Supreme Court has told us over and over again that if there's any court that is going to overrule our precedence, it's us and us alone. So if we start from the premise that Duenas-Alvarez is a good law, I don't know how Mr. Worthen can succeed here. Yes, Your Honor. So it is not our position that we should be overruling the concepts articulated in Duenas-Alvarez. And so we want to make clear that there are actually two lines of cases here that should be treated consistently. So one line of cases discusses the elements of aiding and abetting and how you prove aiding and abetting in terms of elements, which is the Rosemont decision. But when you think about how Duenas-Alvarez got to the U.S. Supreme Court and you think about the error that the Ninth Circuit made with respect to the California theft statute that was at issue in Duenas-Alvarez, I don't know how it leaves any room for Mr. Worthen's argument. Because what he's doing, what he's saying, your client is saying, is that there is a way to be an aider and abetter of a Hobbs Act robbery or here a 924J discharge but not engage in any violent act or not do anything to further the discharge of the firearm. That's true. There is. That's exactly what is undermined, though, severely by the reasoning in Duenas-Alvarez. Right. Because aiders and abettors in criminal law are treated as principles. Yes. So we do not disagree with the concept that aiders and abettors are treated like the principle for sentencing or liability purposes. But these second lines of cases don't really say anything whatsoever about the elements that the government must prove to establish the guilt of aiding and abetting. That is what the categorical approach is all about. You're looking exclusively at the elements of the crime that was convicted. Let me give you a hypothetical. So change the facts. We'll give you time. We'll give you time. Consider a fact pattern where a defendant instructs co-conspirators to go into the gun store, rob the gun store, shoot the owner of the gun store, be sure that you shoot to kill. Here are the guns to do that. If you kill them, you'll get a greater cut of the proceeds when we go sell the guns. Okay. And I'll stay outside ready to drive us away. The trunk will be open. You can load the guns into the truck, and I'll serve as a lookout during the crime. Can that defendant be convicted federally for aiding and abetting a Hobbs Act robbery in a Section 924C violation? Your Honor, under those circumstances, the defendant can be convicted of aiding and abetting a Hobbs Act robbery, but he cannot be convicted of committing a crime of violence under 924C because he himself did not commit or engage in the violence. He did not engage in the violence. But the reason I set that fact pattern up is that defendant could actually be viewed as more culpable, more blameworthy, bought the gun, et cetera. And doesn't that, if your position is correct, doesn't that upend criminal law, not just federal criminal law as we know it? Isn't that the point of the language in Duenas-Alvarez? Yes. While we recognize that the language in Duenas-Alvarez says what it says, that is true, but under the categorical approach, we are looking exclusively at the elements. And if the elements of that particular crime, in this case aiding and abetting, do not require the use, attempted use, or threatened use of force, then it's not a crime of violence. Okay. Okay, very well. We'll give you a bit of rebuttal time. Thank you. Okay. Mr. Wood, good morning. Good morning, Your Honor. Bob Wood on behalf of the government. May it please the Court. Really quickly, just as my argument is that they should be held to their neglect. Fair is fair. I didn't argue waiver. Planned error review. Waiver, waiving waiver is a rule. Right. You know, I probably just went too quick, but that's that. I stand by planned error review. It should apply. It just wouldn't be right. Thank you. You agree, though, these arguments are outside. Yeah. I just was focused on the substance of the arguments rather than the Rule 12 overlay. Thank you, Mr. Wood. I always appreciate your candor with the courts. Aiders and abettors are treated as principals, not just for sentencing purposes, but across the board from conviction through sentencing. And for that reason, and you see any indications in the Supreme Court's that the Court is wishing to revisit the substantive underpinnings of accessory liability? No. The only clues we have are Rosemond. He is an aider and abettor specifically because of Rosemond and in line with Rosemond. Sure. Duenas-Alvarez is the only case that purely speaks to how this interacts with the categorical approach. I don't see, you know, I don't know the whole pipeline, but I don't see anything along those lines. And I also don't see any reason to treat Taylor. Taylor uses not language about doing something violent but about committing a crime of violence. And the commission here was vis-à-vis aider and abettor. Yeah. I mean, one of the differences, I think, is that an attempt is itself a federal criminal offense. I mean, you're not going to avoid conviction of attempted Hobbs Act robbery, if you assume it exists anymore, with 924C connected, by saying, I can't be convicted of attempt. There's no such offense. You're going to lose that eight days a week because of the way the statute is written. But the offense there is attempt. Correct. Okay. The aider and abettor is a different situation. You have a completed crime. You have a completed substantive crime, not an attempted crime. I guess you can aid and abet an attempt. But here we have a 924C or J discharge. Yeah, the conviction is – the means of the conviction – and I don't mean to get into math language. The means of the conviction is the aiding and abetting. But the conviction, the offense, the guilt, all are 1951. 924J. And 924J. I just am speaking only for the predicate purposes. Section 2 liability doesn't have real elements. It has jury instructions, but it doesn't have elements that are related to this. It is just a way of pointing to the crime that you've committed. Whereas attempt across all manner – murder, theft, all manner of crimes – is a separate offense. And we have to charge it as such. And we have to avoid the substantive offense when it's just an attempt case. And we have actually good reasons to avoid attempt for fairness purposes when it's just a substantive case. They're just different. And that's not the case here, unless there are further questions. Okay. Very well. Thanks, Mr. Wood. Thank you. Mr. Osagie, why don't you take a minute on rebuttal? Thank you. Your Honors, so blameworthiness is not the touchstone of categorical approach. The categorical approach is exclusively looking at the elements. And if that crime does not require the use, attempted use, or threatened use of force, that crime cannot be a crime of violence. So when you look at the elements of aiding and abetting, there are, one, taking an affirmative action in furtherance of committing the crime, and two, with the intent of facilitating the crime's commission. None of those elements requires the use, attempted use, or threatened use of force, and therefore aiding and abetting a Hobbs Act robbery is not. But you still have to prove the underlying Hobbs Act, which does include an element of force. Yes, but it's not what somebody else is actually doing. It's what the actual defendant, the actual actor did in that particular situation in determining whether or not that person's individual actions constitute a crime of violence. That person actually has to commit the crime of violence in order for it to be a crime of violence. Okay, very well. Thank you very much. Thank you. Mr. Osavio, the court knows we appointed you. We very much appreciate your service to the court, your service to your client. We thank your law firm as well. Thank you for having me.